[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 19, 2001, the court denied the defendant's motion to suppress evidence seized pursuant to a warrant issued on September 8, 2000. By supplemental motion dated April 16, 2002, the defendant moves again to suppress the same evidence.
The court set forth the substance of the warrant application as well at the applicable law relating to motions to suppress in its July 19, 2001 memorandum and incorporates the same by reference herein.
In its July 19, 2001 memorandum of decision, the court found that probable cause existed to search the defendant's home for evidence of the crime of attempted possession of child pornography. The defendant now argues that even if there is probable cause for attempted possession, that attempt was renunciated and the renunciation was disclosed within the four corners of the warrant so that at the time of the warrant application probable cause was lacking.
There is no case addressing the issue raised by the defendant in the context of a motion to suppress. There are, however, cases addressing the role of defenses in probable cause determinations. The Appellate Court has held that while evidence of an affirmative defense "may be relevant at trial, it is not relevant for the purpose of rebutting the trial court's finding of probable cause. . ." In Re Daniel H., 47 Conn. App. 308,316, (1997) (evidence of extreme emotional disturbance or self-defense not relevant for purpose of rebutting finding of probable cause as to the charge of murder); see also State v. Burgos, 37 Conn. App. 404, 422, cert. denied, 233 Conn. 915, (1995) (evidence tending to negate culpability will not necessarily rebut finding of probable cause that offense was committed). Thus, under applicable law, the court does not CT Page 6520 consider the defense of renunciation in a determination of probable cause.
The defendant also argues that because there are no disputed facts, the issuing magistrate and this court should consider the cancellation of the order and the fact that no subsequent action by the defendant was set forth in the warrant as renunciation defeating probable cause. This argument does not take into account the established law that the issuing magistrate may draw reasonable inferences from those facts presented to him in the warrant. This court cannot conduct a de novo review to determine what inferences it might draw but must conduct a review that "accords the appropriate respect for the reasonable inferences drawn by the issuing judge." State v. Diaz, 226 Conn. 514, 547 (1993). Here the facts contained in the warrant even taken as "undisputed" do not necessarily lead to inferences of renunciation under General Statutes §§ 53a-49 (c) and 53a-50. Accordingly, the court will not invalidate this warrant on the grounds that it contains facts supporting a defense of renunciation.
The supplemental motion to suppress is denied.
___________________ DiPentima, J.